UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Brian F. Cochrane, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:07-cv-00437 |
| | ) ( RCL ) |
| v. | ) |
| The Honorable Michael W. Wynne, | ) |
| Secretary of the Air Force, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 because there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. Plaintiff, in support of this motion, respectfully submits the attached Memorandum of Points and Authorities In Opposition To Defendant's Motion For Summary Judgment And In Support Of Plaintiff's Motion For Summary Judgment, Statement Of Material Facts Not In Genuine Dispute, and Proposed Order.

Respectfully submitted,

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brian F. Cochrane, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07-cv-00437 |
| ) | ( RCL ) |
| v. ) | |
| The Honorable Michael W. Wynne, ) | |
| Secretary of the Air Force, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to LCvR7 and in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment, Plaintiff respectfully submits this Statement of Material Facts To Which There Is No Genuine Dispute. The Administrative Records submitted by Defendant is designated "AR." The numbering of the below paragraphs corresponds to Defendant's numbered paragraphs in Defendant's statement of material facts. Where Plaintiff agrees with Defendant's rendition of the fact the word "Agreed" is employed.

1. Agreed

2. Agreed

3. Agreed

4. Agreed

5. Agreed

6. Agreed

7. Agreed

8. Agreed

9. Agreed

                                        Respectfully submitted,

                                        Gary R. Myers
                                        Counsel for Plaintiff
                                        DC Bar # 157115
                                        78 Clark Mill Road
                                        Weare, NH  03281
                                        Ph:  800-355-1095
                                        Fax: 603-529-3009
                                        E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brian F. Cochrane, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:07-cv-00437 |
| ) | ( RCL ) |
| v. ) | |
| The Honorable Michael W Wynne, ) | |
| Secretary of the Air Force, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

I. INTRODUCTION

Plaintiff agrees with Defendant's "Introduction."

II. SUMMARY OF THE ARGUMENT

The sole inquiry here is how to apply the judicial review mandate of 10 U.S.C. § 628 (g)(2) to the decision of a Special Selection Board (SSB) convened under 10 U.S.C. § 628 (b)(1) in light of the disclosure prohibitions of the former 10 U.S.C. § 618 (f) which has been stricken and now 10 U.S.C. § 613 (a) which Defendant alleges applies to SSBs.

The judicial review mandate of 10 § U.S.C. 628 (g)(2) allows for the set aside of an SSB action if the action was arbitrary or capricious; not based on substantial evidence;

a result of material error of fact or material administrative error; or otherwise contrary to law.

The nondisclosure requirement of 10 U.S.C. § 618 (f) provided that the proceedings of a selection board convened under section 611 (a) of this title may not be disclosed to any person not a member of the board. This provision was applied to SSB's by 10 U.S.C. § 628 (c)(2).

In October 2006, 10 U.S.C. § 613(a) became law and expanded upon the former 618(f) by prohibiting the discussions and deliberations of a selection board from use in any litigation. The provisions of the former 10 U.S.C. § 618(f) relating to proceedings and the current 10 U.S.C. 613(a) relating to proceedings, deliberations and discussions prohibit disclosure. Nowhere within these statutes is or was there a prohibition against providing reasons for a decision.

Case law within this district has held that SSB proceedings cannot be opaque in view of the judicial review mandate. Further, reasons must be provided in specific not general terms. Accordingly the Air Force Board for Correction of Military Records (AFBCMR) decision to affirm the SSB result in this case, which result contained no identifiable reasons, was defective as was the SSB itself. Plaintiff should be granted relief.

### III. STATEMENT OF FACTS

Plaintiff respectfully asks the Court to refer to Plaintiff's Statement of Material Facts to Which there is no Genuine Dispute which has been filed simultaneously with this memorandum.

### IV. ARGUMENT

Plaintiff agrees with the content of Defendant's <u>Standard of Review for Summary Judgment</u> and <u>Review is Limited Under the Administrative Procedure Act.</u>

The statutory scheme in this case is uncomplicated. Officers get selected for promotion under the provisions of 10 U.S.C. § 611. Those recommendations are submitted to the secretary of the military service under 10 U.S.C. § 617. Under 10 U.S.C. § 618 the secretary reviews the promotion recommendation. Subsection 618 (f) prohibited disclosure of the selection proceedings. Under 10 U.S.C. 628 (c)(2) the nondisclosure provisions of 10 U.S.C. 618 (f) were applied to SSBs. Thus original promotion boards under 10 U.S.C. § 611 and SSBs under 10 U.S.C. § 628 were treated identically for nondisclosure purposes. Section 618 (f) in 2006 was stricken by 10 U.S.C. § 613 (b)(2). It was replaced by 10 U.S.C. § 613 (a).

Under 10 U.S.C. § 613 (a) "proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." It further provides that "[t]he discussions and deliberations of a selection board" shall not be used for any purpose in a judicial proceeding. Further, under 10 U.S.C. § 14104 (c)(a) the provisions of 613(a) were made applicable to "all selection boards

convened under section 611 of that (Title 10) title, including selection boards convened before the date of the enactment of this Act."

Clearly 10 U.S.C. § 613(a) has retroactive application. The difficulty is that a due diligence search has failed to reveal any amendment to 10 U.S.C. § 628 (c)(2) making 10 U.S.C. § 613(a) applicable to SSBs. At the moment it appears that 10 U.S.C. § 628 (c)(2) applies U.S.C. § 618 to SSBs without 618(f) which has been stricken, but does not apply 613(a). Plaintiff stands ready to be corrected on this point. Nonetheless if in fact 10 U.S.C. § 618(f) has been stricken and 10 U.S.C. § 613 (a) does not apply, it would appear that there is no prohibition against disclosure at the moment and therefore no rationale for why reasons for Plaintiff's denial should not be provided.

If 613(a) does apply through some interpretation or amendment, Plaintiff remains of the view that reasons are required for proper judicial review.

If an officer believes administrative error caused his or her denial of promotion, he or she may seek redress before a corrections board under 10 U.S.C. §1552. If relief is granted, 10 U.S.C. § 628(b)(1) provides for an SSB, which under 10 U.S.C. § 628 (b)(2) shall consider the corrected record.

In 2001 10 U.S.C. §628 was amended to add 10 U.S.C. § 628 (g)(2). See, Pub. L. No. 107-107 §503 (b) (Dec 28, 2001). This section added an express provision for judicial review of SSB decisions.

Two cases within this Court have interpreted the application of the judicial review provision.

In Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002), this Court held that 10 U.S.C. §628 (g)(2) permits Plaintiff to challenge military SSB promotion decisions where Plaintiff challenges the military's justification for its refusal to promote. That is the case here.

The Court further held that the military, in promotion cases, must "give a reason that a court can measure, albeit with due deference, against the arbitrary and capricious standard of the APA," citing Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989).

The Court in Homer found that an SSB which failed to select Homer for promotion failed to give a reason for the denial and was, therefore, defective. The Court said that, "The military's discretion may be broad, but… it is not boundless." Homer v. Roche, 226 F. Supp. 2d at 226.

In a second case Miller v. Roche, 2004 U.S. Dist LEXIS 27549 (D.D.C., Nov. 4, 2004), this Court found that Miller's SSB was defective for failure to provide a rationale. There the SSB informed Miller that "[T]he SSB that convened on 9 Sept 02 did not select Lieutenant Colonel Miller for Senior Service School (SSS) (War College) designation by the CY 93 (1 Nov 93) board."

Nothing in the record allowed the Court a basis for determining whether the decision was arbitrary and capricious or fully reasoned.

Defendant attempts to marginalize and distinguish Homer and Miller and makes several points with regard to the prohibitions associated with now 10 U.S.C. § 613(a) and judicial review under 10 U.S.C. § 628(g)(2).

Firstly, there is a broad assertion that 613(a) prohibits the SSB from giving reasons for its denial. The prohibition language of the statute is "proceedings," "deliberations" and "discussions." Plaintiff agrees that to disclose such matters would have a chilling effect upon those charged with the serious business of selecting individuals for promotion. Plaintiff does not focus upon "proceedings," "deliberations" and "discussions." Rather, Plaintiff focuses upon "reasons."

Reasons represent the basis for a decision, the end result, if you will, of "proceedings," "discussions" and "deliberations." Reasons do not require an examination of proceedings, deliberation or discussions. They stand alone. That is because reasons must be supported by facts, and facts are already in the record and available for all to see. Of course opinion would enter the mix, because opinion is frequently an extrapolation beyond fact, while still having its genesis in fact. So long as the opinion in the form of a reason for nonselection was sufficiently framed with specificity to allow for judicial review, it would survive that scrutiny.

At Exhibit C of Defendant's Memorandum of Points and Authorities is the report of the SSB dated January 8, 2002. The report merely notes that Plaintiff was not selected. No reasons were given. See pages 1 and 2 of Exhibit C. What is there to review?

Defendant asserts that what is to review are the specific procedures in place for SSB's to include Memoranda of Instruction, briefings specific to a particular SSB, Department of Defense Directives and generic Air Force Instructions. See Exhibits B and C of Plaintiff's Memorandum of Points and Authorities.

None of these documents and briefings tells the observer the reason for nonselection. Even if the procedures as described were followed, there is no assurance that in a particular case the reason for separation would withstand judicial review.

Defendant relies heavily upon the presumption of regularity in the administration of SSBs and other military boards citing Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003) and Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997).

The presumption of regularity creates a permissible inference that the board acted properly in every respect because it followed established procedures. The Defendant's approach is that judicial review should be limited solely to provable errors in procedure. This is so even though the internal proceedings are opaque to review. Reasons allow for insight into the proceedings without offending the intent of 10 U.S.C. § 613 (a).

Ultimately the inquiry becomes does the presumption of regularity trump the equally compelling requirement for reasons. Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989).

Homer and Miller resolved the question in favor of requiring reasons to meet the judicial review requirement of 10 U.S.C. § 628 (g)(2).

Accordingly, Homer and Miller are not distinguishable from the instant case in any fashion. The Court in both cases was not looking to examine procedures. The Court was looking to examine reasons, specific reason, as to why those officers were not selected.

Defendant attempts to make much of what the Homer and Miller courts did not see. Each court saw the existing administrative record. The government did not attempt

to supplement it or to show that procedures were enough to satisfy the judicial review provision of 10 U.S.C. § 628 (g)(2). The <u>Homer</u> and <u>Miller</u> courts saw enough to know that they had no idea why selection was denied.

Defendant further relies upon <u>Richey v. United States</u>, 322 F.3d 1317 (Fed. Cir. 2003), to suggest <u>Homer</u> and <u>Miller</u> were wrongly decided. <u>Richey</u> can not be reconciled with <u>Homer</u>, <u>Miller</u> or the prayer in this case. Plaintiff simply submits that to adopt <u>Richey</u> is to make meaningless the judicial review provision of 628 (g)(2).

Thirdly, Defendant further relies upon <u>Haselrig v. United States</u>, 383 F.3d 1354, (Fed. Cir. 2003), to counter Plaintiff's assertion that manifest disparities exist between DP regular board selections which hover at 100% and SSB DP selections which languish at 50%. See AR 90-91 for an analysis of SSB DP upgrade promotion rates for January 2001 through September 2002. See AR 92-95 for acknowledgement of nearly 100% promotion rates for regular board DPs.

Further the document at AR 92-95 demonstrates that not all DPs are created equal. Plaintiff does not make too much of this document which is dated in 1998, but it does reflect the attitude that an upgraded DP is of lesser value, even though 10 U.S.C. § 628 (b)(2) requires that consideration for promotion by an SSB be based on the corrected record as if seen by an original board.

The promotion percentage disparity has some meaning. It may not be dispositive, but at the very least it demonstrates the absolute need for reasons and for judicial review of those reasons in SSB cases.

In <u>Haselrig v. United States</u>, 53 Fed. Cl. 111, 126-127 (CT. Cl. 2002, the Court of Federal Claims said:

> "While statistical data can raise the question of whether or not SSB's procedures may be flawed, the data itself is not dispositive on the issue. Plaintiff must identify and establish a specific flaw in the procedures the SSB used to reach its decision in order for the court to find the SSB procedures are inconsistent with 10 U.S.C. § 628 and AFI 36-2501, paragraph 6.1."

This Court will note the <u>Haselrig</u> court's emphasis upon procedures. Procedures are not reasons. The judicial review provision of 628(g)(2) is broadly defined and does not limit itself to "procedures."

In <u>Homer</u> the Court said, "merely pointing out that the selection process was competitive provides no actual reason for denying promotion to any particular candidate." <u>Homer</u> at 226.

Therein lies the fundamental point. The Defendant can recite chapter and verse how the system is supposed to work in general terms. Under no circumstances can the Defendant explain how it worked in Plaintiff's case. The simple truth is neither Plaintiff, Defendant nor this Court knows the reason in Plaintiff's particular case why Plaintiff was denied promotion by the SSB. The case remains opaque to judicial review.

Plaintiff was awarded an upgraded DP and was nonselected by an SSB. Procedures were followed but no reasons were given for his nonselection. Only half of the DPs that went to an SSB were selected unlike the original board's nearly total selection of DPs. The standard for selection for promotion was by statute required to be the same for both SSB and the original board.

The Defendant in the face of those facts says there is no problem here and as long as the procedures were followed, no reasons for the result are required. Plaintiff respectfully disagrees.

## CONCLUSION

For the foregoing reasons summary judgment should be granted to Plaintiff.

Respectfully submitted,

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Brian F. Cochrane, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:07-cv-00437 |
| | ) | ( RCL ) |
| v. | ) | |
| The Honorable Michael W. Wynne, | ) | |
| Secretary of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For reasons stated in the separate Memorandum and Opinion, Plaintiff's motion for summary judgment is GRANTED. Defendant's motion for summary judgment is DENIED.

The decision of the Special Selection Board for FY99 not to promote Plaintiff is VACATED and REMANDED to the Air Force for further consideration consistent with the separate Memorandum and Opinion.

 

 

Royce C. Lamberth
United States District Judge

Copies to:
Parties via ECF