**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BRIAN F. COCHRANE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:07CV0437 (RCL)** |
| | ) | |
| **THE HONORABLE** | ) | |
| **MICHAEL W. WYNNE** | ) | |
| **Secretary of the Air Force** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this opposition to the cross-motion for summary judgment submitted by Plaintiff, and its reply to Plaintiffs' opposition to Defendant's motion for summary judgment. In support of this submission, Defendant relies upon the complaint, the administrative record, Defendant's opening motion and memorandum, Plaintiff's cross-motion and memorandum, and the following brief.[1]

## I. PRELIMINARY STATEMENT

Plaintiff asserts that the question before the court is "how to apply the judicial review mandate of 10 U.S.C. § 628 (g) (2) to the decision of a Special Selection Board ("SSB") . . . in light of the disclosure prohibitions of 10 U.S.C. § 618(f)."[2] (Pl. Br. 1.) Plaintiff argues judicial review under § 628 (g) (2) would have no meaning if the Court were to

---

[1] Citations in this brief to the Administrative Record are denoted as "AR __." Citations to Defendant's Motion for Summary Judgment are denoted as "Def. Br.__." Citations to Plaintiff's Opposition to Defendant's Motion for Summary Judgment/Plaintiff's Cross Motion for Summary Judgment are denoted as "Pl. Br.__."

[2] The disclosure prohibitions of 10 U.S.C. § 618(f) were recently clarified by Congress by passage of 10 U.S.C. §613a. See infra Section B.

adopt the presumption of regularity rationale set out in Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003) (Pl. Br. 8). In the alternative, Plaintiff also alleges that 10 U.S.C. §618(f) has been stricken and 10 U.S.C. §613(a) does not apply to SSBs. (Pl. Br. 4). Contrary to Plaintiff's argument, requiring a promotion board to give a specific reason why Plaintiff was not promoted would contradict case law, Circuit court precedent, and Congress' express mandate that promotion board proceedings be kept confidential. Congress recently passed 10 U.S.C. § 613a clarifying its mandate that military selection boards maintain their confidentiality and not be used in judicial proceedings. Consistent with this congressional intent, in Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003), the Federal Circuit held that promotion boards are not required to give detailed explanations for their decision as long as the record reflects the military met the statutory requirements. For the reasons set forth below and in our previously filed motion, summary judgment in favor of the Defendant is appropriate.

## II. ARGUMENT

### A. A Promotion Board Will Withstand Judicial Review if the Board Complies with all the Statutory Requirements

Plaintiff cites two cases, Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002), and Miller v. Roche, 2004 U.S. Dist LEXIS 27549 (D.D.C., Nov. 4, 2004), in support of his assertion that in order to survive judicial scrutiny a SSB must provide specific reasons for not promoting Plaintiff. Plaintiff further argues that Richey v. United States, 322 F.3d 1317 (Fed Cir. 2003), is inapposite and cannot be reconciled with the holdings of Homer and Miller. (Pl. Br. 8) Contrary to Plaintiff's assertions, Homer and Miller do not require promotion boards to give a specific reason for denial, but only require that the SSB provide some explanation of how it exercised its authority so that this Court can

determine if the board acted in a rational manner. Properly understood, Homer, Miller and Richey, are all reconcilable with one another and consistent with Plaintiff's case. Plaintiff rejects this interpretation claiming that "The Court in both cases was not looking to examine procedures…the Court was looking to examine reasons…" and instead says that SSBs are required by case law to provide a reason specific to Plaintiff. (Pl. Br. 7.) Plaintiff alleges that requiring SSB members to keep confidential their reasons for recommending or not recommending any officer considered . . . is contrary to [judicial review under] § 628(g) "which does not limit itself to 'procedure'"(2) and the holdings of Homer and Miller." (Pl. Br. at 9.) However, a careful reading of those cases does not support Plaintiff's expansive reading. Instead, those cases suggest that a SSB will not survive judicial review if the Court does not know if the SSB complied with the statutory requirements.

In both Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002), and Miller v. Roche, No. 03-1742, 2004 WL 3257070 (D.D.C. Nov. 4, 2004), this Court remanded decisions by the Air Force Board of Corrections of Military Records, upholding SSB determinations. In each case this Court held that since no explanation or rationale for the SSB decision was given, it was impossible to determine whether the SSB decision was arbitrary or capricious. Miller at *7 (remand proper where the Court has no basis for determining whether this decision was arbitrary and capricious); Homer, 226 F. Supp. 2d at 226 (judicial review requires a court be given an "explanation of how the selection board exercised its authority and reached its ultimate decision".) Those cases are distinguishable from the instant case because in Homer and Miller, unlike this case, it appears the Court was not provided with the SSB report signed by all the board members,

the SSB criteria, and the SSB instructions, demonstrating that the board complied with all of the statutory requirements. (See Def. Br. Ex. C.) This distinction is significant. The evidence in this case demonstrates that the SSB complied with all the statutory requirements and therefore exercised its authority in a rational and lawful manner. A proper reading of Homer and Miller enables a SSB to survive judicial scrutiny as long as the military provides the Court with enough information to determine that the SSB complied with the statutory requirements. This is the exact interpretation the Federal Circuit reached in Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003).

In Richey, the Court of Federal Claims initially held that a SSB's decision was arbitrary and capricious because it did not specifically indicate why a plaintiff was not chosen for promotion (the very argument Plaintiff raises here). In reversing, the Federal Circuit held that this type of specific explanation demanded by the Court of Federal Claims was not required because "the statute imposes no requirements on the SSBs to provide detailed findings, and the SSB reports here complied with the statutory requirements." Id. at 1326. The Richey Court further acknowledged that it should not require SSBs to meet additional reporting requirements because courts are not allowed to impose procedural requirements on an agency beyond the minimum statutory requirements. Id. at 1326-27 (citing Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 548 (1978)). While the Federal Circuit indicated there might be certain circumstances where a SSB might be required to provide an explanation, the Court held that "[b]ecause of [the] presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by record

evidence suggesting that the agency decision is arbitrary and capricious."[3]  Id. at 1237. The Richey Court understood that the SSB procedures necessarily include the discussion and voting on the individual packets of each officer.  However, there are no transcripts of the proceedings and no formal or informal records are retained other than the board report and the board recommendation.  Thus, the documents establishing the criteria for selection of officers coupled with the signed final report of the board and its recommendations equate to the reasons that specific individuals were promoted.

In this instance, following the rule of Richey, the Air Force Board of Corrections of Military Records ("AFBCMR") determined that the SSB followed the same criteria and instructions of a regular promotion board and had no evidence suggesting the SSB process was unfair. (AR 110-112.) The AFBCMR also correctly noted federal law prohibits SSB members from disclosing the reasons for not promoting an individual (AR 111- 112.)  Thus, the AFBCMR correctly decided that there was no obligation to pierce the confidentiality requirements of §618(f ) and provide a more detailed explanation by the SSB.  The AFBCMR concluded:

---

[3]  In dicta, the Richey court rejected a categorical exclusion against ever reviewing the deliberations of a SSB.  However, that Court did not decide the issue because it held that requiring a specific explanation from a SSB is certainly inappropriate where there is an absence of actual record evidence suggesting the SSB process was unfair.  While 10 U.S.C. § 628(g)(2) gives federal courts judicial review over "the action of a special selection board," it does not follow that courts should review the actual deliberations of board members.  See In re England, 375 F.3d 1169 (D.C. Cir 2004) (civil discovery of promotion board proceedings would undermine the purpose of Section 618(f)). This is especially true in light of the recent adoption of §613a further clarifying Congress' intention to protect the deliberations of military board proceedings. See infra Section B. As this Circuit recently noted in Miller v. Department of the Navy, 476 F.3d 936, 940 (D.C. Cir 2007) there may be a need to "reconsider the appropriate content of the administrative record in light of the nondisclosure provision of the newly enacted 10 U.S.C. §613a and its impact on the pre-existing 'substantial evidence' judicial review provision of § 628(g)." Id. at note 2.

> After reviewing the complete evidence of record, including counsel's assertion that two cited federal cases "stand for the proposition that it is arbitrary and capricious for an SSB to fail to provide rationale for denial of promotion or selection to senior service school," we are not persuaded by counsel's argument that the applicant should again be considered for promotion by SSB because the previous SSBs that denied him promotion failed to provide rationale. We do not find counsel's arguments sufficiently compelling to overcome the advisory basis for our conclusion that the applicant has not been the victim of an error or injustice warranting the relief requested. Therefore we find no basis to provide the applicant further relief. (AR 112.)

The advisory, referenced in the AFBCMR opinion states:

> To the extent the cases cited by counsel may have required more than reliance on just the selection board report to satisfy its review responsibility, the Richey Court recognized that even where the statutory requirements are met, certain circumstances might require a court (or BCMR) explanation. However, such review would be limited. 'Because of the presumption of regularity, the agency (in this case the Air Force acting through the SSB) should not be required to provide an explanation unless the presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious'. As in Richey, the applicant has not presented any evidence to rebut the presumption of regularity; hence, no further explanation of the SSB's actions is required. (AR 110-11.)

As Richey held, this Court can conduct meaningful judicial review of a SSB by examining the stated criteria, the instructions, and the sworn report of the board. Absent a showing of material error of fact, material administrative error, or that the board did not have before it substantial evidence for its determinations, the presumption of regularity remains intact.

Plaintiff also cites Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989), for the proposition that "the military, in promotion cases, must 'give a reason the court can measure, albeit with due deference, against the arbitrary and capricious standard of the APA.' Kreis can be distinguished on its facts. In Kreis, the AFBCMR did not explain in its denial of reconsideration why it did not give record evidence presented by Kreis in the form of three military expert declarations and a deposition that indicated the SSB did not follow proper procedures in his case. The

AFBCMR's failure to address the evidence presented by Kreis, given those facts, was found by the D.C. Circuit to be arbitrary and capricious. Kreis v. Secretary of the Air Force, 365 U.S. App. D.C. 348, 406 F.3d 684, 2005 U.S. App. LEXIS 7848 (2005). In the instant case, Plaintiff has presented no record evidence of irregularity for the AFBCMR to consider. As a result, the AFBCMR's reliance on the presumption of regularity in the SSB proceedings is proper.

**B. Congress Clearly Intends to Prevent the Disclosure of Selection Board Proceedings in Any Form, and Specifically From Use in Judicial Proceedings**

In addition to the Richey decision, Circuit case law and recent Congressional legislation further undermine Plaintiff's argument that a promotion board should be required to give a specific reason for Plaintiff's nonselection. In 2004, in the case of In re England, this Circuit held that 10 U.S.C. § 618(f) constitutes an absolute bar to the disclosure of promotion board proceedings in civil discovery. In re England, 375 F.3d 1169 (D.C. Cir. 2004). The rationale provided in that case applies with equal force in the APA context. Specifically, the Court held that "[d]isclosure of selection board proceedings in civil discovery would certainly undermine, if not totally frustrate, the purpose of Section 618(f). Id. at 1178. Moreover, "[i]f board members knew that candidates passed over for promotion could gain access to board proceedings, that would clearly inhibit frank assessment of candidates' relative strengths and weaknesses." Id. For these very same reasons, Plaintiff is wrong in arguing that the Defendant must explain the specific motivations of the SSB in not promoting Plaintiff. See id. at 226.

Notwithstanding this Circuit's In re England decision, in 2006, a judge on this Court determined that while 10 U.S.C. § 618(f) contained a strict confidentiality

provision for *promotion* board deliberations convened under 10 U.S.C. § 611(a), the absence of a similar confidentiality provision of other military board deliberations, such as Selective Early Retirement boards convened under § 611(b), entitled plaintiffs to civil discovery. Adair v. Winter, 451 F. Supp. 2d 202 (D.D.C. 2006).[4] Shortly after the Adair decision Congress took immediate action to ensure that the proceedings and deliberations of all military selection boards—both promotion boards and other selection boards—were protected from disclosure in civil litigation. In October 2006, Congress deleted 10 U.S.C. § 618(f) and replaced it with 10 U.S.C. § 613a. See John Warner National Defense Authorization Act for Fiscal Year 2007, P.L. 109-364, Div A, Title V, Subtitle D, § 547(a)(1), 120 Stat. 2215 (amending 10 U.S.C. § 618 (2006) by striking subsection (f)). Formerly, §618(f) stated, "[e]xcept as authorized or required by this section, proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." See 10 U.S.C. § 618(f) (2006). The recent amendment, descriptively titled, "Clarification of Nondisclosure Requirements Applicable to Certain Selection Board Proceedings" states:

> (a) The proceedings of a selection board convened under section 611 this title [10 U.S.C. § 611] may not be disclosed to any person not a member of the board.
> (b) Prohibited uses of board discussions, deliberations, and records. The discussions and deliberations of a selection board described in subsection (a) and any written or documentary record of such discussions and deliberations--
> (1) are immune from legal process;
> (2) may not be admitted as evidence; and
> (3) may not be used for any purpose in any action, suit, or judicial or administrative proceeding without the consent of the Secretary of the

[4] The SSB is a promotion board that directly applies the non-disclosure provisions applicable to promotion boards under § 611(a). See 10 U.S.C. § 628(c)(2).


> military department concerned. P.L. 109-364, § 547(a)(1) (codified at 10 U.S.C. §613a.[5]

This clear pronouncement plainly asserts Congress' intent to protect the discussions, deliberations, and proceedings of selection boards.[6] Congress mandated that the federal courts exercise judicial review over SSB decisions. 10 U.S.C. § 628(c)(2). At the same time, Congress mandated that the military protect the confidentiality of promotion board proceedings, discussions, and deliberations, and prohibited their use in litigation. 10 U.S.C. § 618(f) and § 613a. The Richey Court properly reconciled these competing objectives by ensuring that both the military and the federal courts adhered to Congress' dictates. The administrative record and SSB report demonstrate that Plaintiff was fully and fairly considered for promotion by the SSB. There is no record evidence of irregularity in the SSB proceedings, nor is there evidence the Plaintiff was denied appropriate discovery concerning his record before the SSB. As a result, there is no error or injustice, and the AFBCMR's decision was not arbitrary or capricious, an abuse of discretion or contrary to law or policy.

---

[5] Congress took the further step of applying § 613a retroactively. "Section 613a of title 10, United States Code, as added by subsection (a), shall apply with respect to the proceedings of all selection boards convened under section 611 of that title, including selection boards convened before the date of the enactment of this Act." P.L. 109-364, § 547(c).

[6] Plaintiff notes that Congress struck 10 USC § 618 (f) and replaced it with § 613(a). While §613(a) does not specifically say it applies to SSB proceedings, §628(f)(3) states that a [SSB] convened under 628 "shall be subject to the provisions of 613." This should include the provisions of §613(a) . The D.C. Circuit implicitly recognized that outcome in Miller, 476 F.3d at 940, n 2.

## II. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant.

Respectfully submitted,

_____/s/________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/________________________
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/________________________
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
LIEUTENANT COLONEL RITA A RUSSELL
AFLOA/JACL
1501 Wilson Blvd, 6th Floor
Arlington, Virginia 22209
703-696-9288