UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN F. COCHRANE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL W. WYNNE, ) <br> Secretary of the Air Force, ) <br> ) <br> Defendant. ) <br>_____) | Civil Action No. 07-437 (RCL) <br><br> **FILED** <br> MAR 3 1 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## MEMORANDUM OPINION

This matter comes before the Court on cross-motions for summary judgment. Upon consideration of the motions, the oppositions and defendant's reply, the applicable law, and the record herein, this Court determines that defendant's Motion [9] for Summary Judgment should be GRANTED and plaintiff's Cross-Motion [11] should be DENIED.

## I. BACKGROUND

Plaintiff Brian F. Cochrane was an active duty Major in the United States Air Force at the time he filed his complaint. (Compl. ¶ 3.) Plaintiff was considered and not selected for promotion by the CY99B[1] and CY00A central lieutenant colonel selection boards. (R. at 6.) On July 26, 2001, the Air Force Board for Correction of Military Records ("AFBCMR") granted the relief sought by plaintiff in an application filed with AFBCMR. The AFBCMR placed a revised Performance Recommendation Form ("PRF") in plaintiff's official record showing a "Definitely Promote" ("DP") rating and sent plaintiff to a Special Selection Board ("SSB") for

---

[1] "CY" in promotion board labels stands for "Calendar Year."

reconsideration for promotion. (Compl. ¶ 5.) Plaintiff was subsequently considered for promotion by an SSB on January 7, 2002, and not selected. (R. at 72.)

On September 5, 2002, plaintiff sought reconsideration by the AFBCMR, requesting that the competitive group size reflected on plaintiff's PRF be changed from "N/A" to six or more. (R. at 82-83.) Plaintiff's request was denied on December 9, 2002. (Compl. ¶ 13.) On January 27, 2003, plaintiff sought a second reconsideration on the basis that there was a disparity in the DP promotion rates between regular selection boards and SSB selection boards. (*Id.* at ¶ 14.) On February 12, 2004, the AFBCMR denied relief finding no bias in the SSB system. (*Id.* at ¶ 17.) Plaintiff filed a third request for reconsideration on March 1, 2005, asking that he be returned to an SSB because the prior SSB had failed to provide reasons for denying plaintiff's promotion. (*Id.* at ¶ 18.) On November 9, 2005, the AFBCMR found that the evidence plaintiff presented did not demonstrate the existence of probable material error or injustice and denied plaintiff's application for relief. (R. at 108–12.)

Plaintiff filed the instant action on March 5, 2007, seeking an order directing defendant to send plaintiff back to an SSB under specified conditions and to report the reason for denial, if such denial should occur. (Compl. ¶ 25.) Specifically, plaintiff's complaint alleges the following: (1) AFBCMR's refusal to assign a group size that would reflect a competitive PRF failed to comport with the meaning and intent of 10 U.S.C. § 628(a)(2); (2) the disparity in DP promotion rates between regular promotion boards and SSB promotion boards shows bias; and (3) AFBCMR should have recognized that the first SSB was obligated to provide reasons for denying promotion to plaintiff. (Compl. ¶¶ 21-23.)

## II. ANALYSIS

### A.   Legal Standard

#### 1.   Summary Judgment Standard

"Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record." *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C. 1995) (Friedman, J.). It must be emphasized that the Court's review is limited to the administrative record, which "includes all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotations and citations omitted); *see also Doyle v. England*, 193 F. Supp. 2d 202, 206 (D.D.C. 2002) (Urbina, J.); *Richards v. INS*, 554 F.2d 1173, 1177 n.28 (D.C. Cir. 1977).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The initial burden is on the movant to demonstrate the lack of a material fact dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact exists if the evidence, when viewed in the light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. *Id.* at 252. While the nonmoving party is entitled to all reasonable inferences in his favor, he may not rely solely on

allegations or conclusory statements. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675.

### 2. Limited Review Under the APA

The Secretary's denial of an application for correction to a military board of records corrections is a final agency action reviewable under the Administrative Procedure Act. *See Miller v. Lehman*, 801 F.2d 492, 496 (D.C. Cir. 1986); *McDougall v. Widnall*, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (Green, J.). This Court's review of the Secretary's decision is subject to a "particularly deferential" standard. *Piersall v. Winter*, 435 F.3d 319, 325 (D.C. Cir. 2006). Decisions of a military records correction board "can be set aside if they are arbitrary, capricious, or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *McDougall*, 20 F. Supp. 2d at 82 (holding that the decision by the AFBCMR is entitled to "great deference").

A reviewing district court must "determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989); *see also Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency"); *Mudd v. Caldera*, 134 F. Supp. 2d 138, 141 (D.D.C. 2001) (Friedman, J.) (emphasizing the court's "limited role" and the "deference it owed" when reviewing a decision by Secretary of Army under the APA).

To prevail, a plaintiff "must overcome the strong, but rebuttable, presumption that

administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (internal quotations omitted). "[T]he plaintiff has the burden of showing 'by cogent and clearly convincing evidence' that the decision was the result of a material legal error or injustice." *Doyle*, 193 F. Supp. 2d at 207 (citing *McDougall*, 20 F. Supp. 2d at 82).

**B.  Review of the AFBCMR's Determination**

**1.  The SSB's Reporting Requirements**

Plaintiff's chief complaint is that the AFBCMR's decision to affirm the SSB was arbitrary and capricious because the SSB gave no identifiable reasons for denying plaintiff's promotion. (*See* Pl.'s Opp'n and Cross-Mot. for Summ. J. 2. (hereinafter "Pl.'s Opp'n")) Plaintiff cites two cases from this Court to support his argument. In both *Homer v. Roche*, 226 F. Supp. 2d 222 (D.D.C. 2002) (Huvelle, J.), and *Miller v. Roche*, No. 03-1742, 2004 WL 3257070 (D.D.C. Nov. 4, 2004) (Collyer, J.), this Court remanded decisions by AFBCMR where the SSB provided no explanation or rationale for its decision. In both cases, this Court held that without an explanation for the decision, the Court had no basis for determining whether the SSB's decision was arbitrary and capricious, or based on substantive evidence. *See Homer*, 226 F. Supp. 2d at 226; *Miller*, 2004 WL 3257070, at *7.

Given the particularly deferential standard of review of the Secretary's decision, this Court is reluctant to require the SSB to provide an explanation for its decision absent any evidence that the SSB acted arbitrarily. Indeed, defendant persuasively argues that the controlling case in this matter is *Richey v. United States*, 322 F.3d 1317 (Fed. Cir. 2003). In *Richey*, the Federal Circuit ruled directly on the issue of whether SSBs were required to provide

explanations for their decisions. As explained by the court, § 628(c)(1) only requires that an SSB "'submit to the Secretary of the military department concerned a written report, signed by each member of the board containing the name of each person it recommends for promotion and certifying that the board has carefully considered the record of each person whose name was referred to it.'" *Richey*, 322 F.3d at 1326 (quoting 10 U.S.C. § 628(c)(1)). Where, as here, the SSB submits a written report satisfying the certification requirements of § 628(c)(1), a court may "not require the SSB[] to meet additional reporting requirements beyond those that were mandated by the statute."[2] *Id.* (citing *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519, 548 (1978) (holding that a court cannot impose procedural requirements on an agency beyond the minimum requirements imposed by the statute)). In the instant matter, the evidence demonstrates that the SSB complied with all of the statutory reporting requirements under § 628(c)(1). (*See* Def.'s Mem. Supp. Mot. Summ. J., Report, Ex. C.)

Plaintiff urges this Court, however, to remand the SSB's decision for further consideration and to require a detailed explanation should there be another denial. Plaintiff is only entitled to such relief under limited circumstances. Under *Richey*, "'[b]ecause of [the] presumption of regularity, the agency should not be required to provide an explanation unless

---

[2] While it is true that the D.C. Circuit generally requires that "an agency take whatever steps it needs to provide an explanation that will allow the court to evaluate the agency's rationale at the time of decision," *Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995), an SSB's determination is not the agency's determination. Here, the AFBCMR communicated is reasons for denying plaintiff's request for reconsideration before another SSB in a five-page board proceedings memorandum. (R. at 107–12.) In that memorandum, the AFBCMR evaluated the applicable statutory requirements and analyzed case precedent before reaching its decision. (*See id.* at 109-11.) Indeed, the AFBCMR's written explanation along with record evidence showing the procedures used by the SSB, is sufficient for this Court to "discern the [b]oard's 'path,'" *Dickson*, 68 F.3d at 1405, and to conclude that the agency's decision was not arbitrary and capricious.

that presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious.'" 322 F.3d at 1327 (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001)). Thus, without the existence of evidence in the record that the SSB's decision is arbitrary and capricious, the reviewing court has "no authority to require either the SSBs or the Corrections Board to provide further explanation." *Id.* As this Court sets forth below, plaintiff in the instant matter has provided no such record evidence to rebut the presumption of regularity.

### 2. Existence of Flaws in the SSB's Procedure

While plaintiff asserts that statistical differences between the DP promotion rates of regular selection boards and SSBs demonstrate bias, plaintiff has failed to point to a specific flaw in the procedures employed by the SSB when it denied his promotion. *See Haselrig v. United States*, 53 Fed. Cl. 111 (Ct. Cl. 2002) (refusing to vacate the SSB's determination based on statistical disparity in promotion rates absent evidence of a specific procedural flaw), *aff'd*, 333 F.3d 1354 (Fed. Cir. 2003). As noted in *Haselrig*, "SSBs cannot be expected to score the records in exactly the same way that the original board did, nor does [§ 628] require the SSBs to do so." 53 Fed. Cl. at 127. Even "dramatic" statistical disparities in DP promotion rates between SSBs and regular selection boards are insufficient for a reviewing court to determine that "SSB procedures were fatally flawed." *Id.* Rather, "[p]laintiff must identify and establish a specific flaw in the procedures the SSB used to reach its decision in order for the court to find the SSB procedures are inconsistent with 10 U.S.C. § 628 and AFI 36-2501, paragraph 6.1." *Id.* Plaintiff attempts to demonstrate a flaw in the SSB's procedures by pointing to an advisory opinion from a 1998 AFBCMR case suggesting that SSBs attribute less value to a DP that has been upgraded as

a result of appeal than one granted by the normal process. (*See* Pl.'s Opp'n 8.) As defendant correctly states, the 1998 advisory does not represent Air Force Policy, nor has plaintiff shown any evidence that the advisory was ever furnished to his SSB, or any promotion board. (*See* Def.'s Mem. Supp. Mot. Summ. J. 12.) In light of plaintiff's failure to identify any specific flaw in the procedure used by the SSB in denying his promotion, plaintiff's statistical disparity argument must fail.[3]

### III. CONCLUSION

For the foregoing reasons, defendant's Motion [9] for Summary Judgment will be GRANTED and plaintiff's Cross-Motion [11] will be DENIED.

A separate order shall issue this date.

SO ORDERED.

DATE: March 31, 2008

Royce C. Lamberth
United States District Judge

---

[3] Plaintiff further attempts to establish a flaw in the SSB's procedure by arguing that the AFBCMR's denial of his request that his competitive group size be changed from "N/A" to "at least six," resulted in a facially noncompetitive DP, that did not reflect his record as it would have appeared to the normal selection board. (*See* Compl. ¶¶ 10, 13, 21.) Defendant contends that in accordance with AFI 36-2406, Table 8.2, Rule 9, "when the allocation rate is 35-90 percent, and the group size is 3 or more, "N/A" should be entered." (Def.'s Mem. Supp. Mot. Summ. J. 16; AFI 34-2406, Ex. D.) Plaintiff does not dispute defendant's interpretation of the regulation. Moreover, plaintiff, in his opposition brief and cross-motion for summary judgment, appears to have completely abandoned his challenge to the PRF's group size altogether. As such, this Court has no basis to determine the existence of any error as to plaintiff's group size.